Scott M. Stearns
Randy J. Tanner
BOONE KARLBERG P.C.
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59807-9199
(406) 543-6646
sstearns@boonekarlberg.com
rtanner@boonekarlberg.com

*Attorneys for Swank Enterprises, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SWANK ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED FIRE AND CASUALTY COMPANY (d/b/a UNITED FIRE GROUP) and JOHN DOES 1–10, <br><br> Defendants. | **COMPLAINT** |

Plaintiff Swank Enterprises, Inc. claims and alleges as follows:

## PARTIES

1. Plaintiff Swank Enterprises, Inc. ("Swank") is a Montana corporation with is principal place of business in Valier, Montana.

2. On information and belief, United Fire and Casualty Company (d/b/a United Fire Group) ("United Fire") is an insurance company organized

1

under the laws of Iowa with its principal place of business in Iowa. United Fire's registered agent in the State of Montana is located in Missoula, Montana.

3. The John Doe defendants are parent companies or subsidiaries of United Fire that may be responsible for providing indemnity and a defense to Swank, as alleged below.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

5. Venue is proper in the Missoula division of this Court because United Fire's registered agent is located in Missoula.

## GENERAL ALLEGATIONS

6. Swank was the general contractor for a construction project at the Butte-Silverbow Metro Wastewater Treatment Plant in Butte, Montana ("the Project").

7. T&L Painting, Inc., was a subcontractor at the Project, which was responsible for applying various coatings at the Project.

8. T&L Painting was insured by United Fire.

9. Swank's subcontract with T&L Painting required T&L Painting to obtain insurance for Swank as an additional insured. On information and belief, T&L Painting obtained such insurance through United Fire. Swank, therefore, was an additional insured under United Fire's policy for T&L Painting ("the Policy"). Swank obtained a certificate of insurance identifying it as an additional insured under the Policy. Consequently, United Fire agreed to defend and indemnify Swank as an additional insured.

10. To date, United Fire has refused to provide Swank with a copy of the Policy even though Swank is an additional insured under the Policy.

11. In June 2018, two T&L Painting employees—Ronald Ball & Jeremy Lewis—filed separate lawsuits against Swank and Tnemec Company Inc. (a coatings manufacturer), alleging they were injured by exposure to certain chemicals contained in coatings they applied at the Project in or about August 2015. Those matters are *Ball v. Swank Enterprises et al.*, DDV–18–0313 (Mont. 8th Jud. Dist.) and *Lewis v. Swank Enterprises et al.*, DDV–18–0405 (Mont. 8th Jud. Dist.). Copies of the Complaints are attached as **Exhibit A**. Collectively, these cases are referred to as the "Underlying Cases" in this Complaint.

12. Swank answered on March 15, 2019, alleging, among other things, that Ball and Lewis were contributorily negligent and were responsible for

their own alleged injuries and damages. Copies of Swank's Answers are attached as **Exhibit B**.

13. Swank tendered the Underlying Cases to United Fire for defense and indemnity, since Swank is an additional insured under the Policy.

14. United Fire rejected the tender.

### COUNT I—DECLARATORY JUDGMENT

15. Swank re-alleges the preceding allegations.

16. There is a dispute as to whether the Policy provides Swank coverage for defense and indemnity in the Underlying Cases, as well as the scope of that coverage.

17. Swank seeks a declaration of its rights under the Policy pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

18. Judgment from this Court will resolve and terminate the uncertainty and controversy regarding the existence and scope of coverage.

19. United Fire has refused to provide Swank a copy of the Policy, but United Fire has not rejected Swank's tender of defense and indemnity on the basis of any language or exclusions in the Policy.

20. United Fire rejected Swank's tender of defense and indemnity because it claims no defense and indemnity is owed on account of T&L having provided workers compensation insurance to its employees. United Fire

contends that no claim for indemnity or contribution may be made against T&L under the exclusivity provision in Montana's Workers' Compensation Act, Montana Code Annotated § 39–71–411. United Fire's contention has no basis in law or fact.

21. As Swank advised United Fire, Swank, through its tender, is not asserting a claim against T&L. Instead, Swank seeks coverage it is owed as an additional insured.

22. As this Court previously explained, a general contractor, like Swank, is owed defense and indemnity as an additional insured under a subcontractors' policy without regard to the Workers' Compensation Act. *See, e.g., Liberty Mutual Insurance Company v. Continental Resources, Inc.*, 2011 U.S. Dist. Lexis 80152, at *18–*19, CV 10–35–BLG–RFC–CSO (D. Mont. Apr. 25, 2011).

23. Swank seeks a declaration that United Fire must provide Swank a defense and indemnity, without a reservation of rights, for the Underlying Cases.

## COUNT II—BREACH OF CONTRACT

24. Swank re-alleges the preceding allegations.

25. United Fire agreed to provide a defense and indemnity to Swank as an additional insured.

26. United Fire agreed to do so either by contract with Swank as an additional insured under the Policy or, alternatively, with Swank being a third-party beneficiary to the Policy as an additional insured.

27. By refusing to provide Swank a defense and indemnity, United Fire has breached the terms of the Policy, in particular the provisions providing coverage for Swank as an additional insured.

28. United Fire is responsible for all damages Swank has incurred as a result of the breach, including the cost of defense in the Underlying Cases, any indemnity obligation incurred in the Underlying Cases, and all other consequential damages, among others.

### COUNT III—ATTORNEY'S FEES

29. Swank re-alleges the preceding allegations.

30. Swank has been forced to file this action against United Fire to obtain the coverage it is owed from United Fire. Swank is therefore entitled to recover its attorney's fees and costs incurred in this action under the insurance exception to the American Rule.

31. Swank is further entitled to recover its attorney's fees under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

## RELIEF REQUESTED

Swank requests the following relief:

1.     A declaration that United Fire owes Swank a defense and indemnity in the Underlying Cases, without a reservation of rights, as an additional insured under the Policy.

2.     An award of damages to fully compensate Swank for United Fire's failure to thus far provide a defense and indemnity for the Underlying Cases, including, but not limited to, Swank's fees and costs to defend the Underlying Cases and any indemnity obligation incurred by Swank, as well as all other consequential damages.

3.     An award of Swank's attorney's fees and costs incurred for this action.

4.     All other relief as this Court deems just and proper.

## JURY DEMAND

Swank demands a jury for all triable issues.

DATED this 7th day of November 2019.

                               /s/ Randy J. Tanner
                               Scott M. Stearns
                               Randy J. Tanner
                               BOONE KARLBERG P.C.
                               *Attorneys for Swank Enterprises, Inc.*