# EXHIBIT A

Benjamin R. Graybill
GRAYBILL LAW FIRM, P.C.
300 4th Street North
PO Box 3586
Great Falls, MT 59403
Telephone: (406) 452-8566

ATTORNEYS FOR THE PLAINTIFF

2019 JUL -5 PM 3:55

FILED

BY _____
      DEPUTY

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| RONALD BALL, | Cause No. DDV-18-0313 |
| Plaintiff, | JOHN W. PARKER |
| vs. | |
| SWANK ENTERPRISES, TNEMEC COMPANY, INC., and JOHN DOES I-V, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendants. | |

NOW COMES the Plaintiff, Ronald Ball, and for his claims against the Defendants alleges as follows:

## THE PARTIES

1. Plaintiff, Ronald Ball, resides in Ulm, County of Cascade, Montana.

2. Defendant, Swank Enterprises is a Montana Corporation, with a principal place of business at 615 Pondera Avenue, Valier, County of Pondera, Montana.

3. Defendant, Tnemec Company, Inc. ("Tnemec"), is a Missouri corporation, with a principal place of business at 6800 Corporate Drive, Kansas City, Missouri.

4. The Defendant John Does I-V are persons, firms, or entities who owed, at all times material to this complaint, a duty of care to Ron Ball.

## THE FACTS

5. On or around August 13, 2015, Plaintiff was exposed to chemicals contained in modified polyamine epoxies ("the exposure").

6. The exposure occurred in the course of Plaintiff's employment as a painter for T & L Painting of Great Falls, Montana.

7. As a result of the exposure, Plaintiff was severely injured.

8. The exposure occurred during Plaintiff's work at a construction project at the Butte-Silverbow Metro Wastewater Treatment Plant at or around Butte, Montana ("Project").

9. Swank Enterprises was general contractor for the Project.

10. As general contractor, Swank Enterprises retained control over safety at the Project. Swank Enterprises was, therefore, responsible for taking reasonable precautions for the safety of workers at the Project, including employees of subcontractors, and incurred duties of safety to the Plaintiff in accordance with Montana law, including § 50-71-201, MCA.

11. Upon information and belief, T & L Painting was a subcontractor of Swank Enterprises at the Project.

12. The exposure and Plaintiff's resulting injuries were caused by the carelessness and negligence of the Swank Enterprises and/or persons for whom it was responsible, due to its failure to manage worker safety at the project and its failure to provide for worker safety at the Project in accordance with the Montana Occupational Safety and Health Act, including § 50-71-201, MCA.

13. Tnemec manufactured and distributed the modified polyamine epoxies to which Plaintiff was exposed. Upon information and belief, these included Epoxoline Beige Primer and Epoxoline Converter (Series 22, Parts A and B) and Surfacing Epoxy Primer White and Surfacing Epoxy Converter (Series 215, Parts A and B) (collectively "Epoxies").

2

14. The exposure occurred as Plaintiff, in the course of his duties for T & L Painting, applied the Epoxies to large tanks incorporated into the Project. With Swank Enterprises' knowledge and approval, T & L Painting used the Epoxies in performing work at the Project and had Plaintiff apply them without the use of protective clothing or the appropriate applicator, causing the exposure.

15. The Epoxies are considered hazardous by the Occupational Safety and Health Administration; exposure presents health risks, including skin corrosion and sensitization.

16. An employee or agent of Tnemec, in course of his duties for Tnemec, trained the Plaintiff and others at the Project about application of the Epoxies. Tnemec thereby incurred a duty of reasonable care and safety to the Plaintiff.

17. Tnemec breached its duty to the Plaintiff when its employee or agent failed to properly instruct Plaintiff how to safely apply the Epoxies, encouraged unsafe use of the Epoxies, and failed to advise Plaintiff of the risks of unsafe use and what to do in case of exposure.

18. Defendants' carelessness and negligence and/or the carelessness and negligence of persons for whom one or more of the Defendants were responsible caused Plaintiff, Ron Ball, to suffer severe personal injuries, lost income, emotional distress, changed course of life, and substantial expense for medical care and attendance.

19. John Does I-V are persons, firms, or entities who owed Plaintiff the above described duties and who negligently breached such duties causing Plaintiff to suffer the damages described above.

3

## CAUSES OF ACTION

(The Causes of Action herein specifically incorporate by
reference all paragraphs previously set forth)

### FIRST CAUSE OF ACTION

20. This is a cause of action by the Plaintiff, Ron Ball, against the Defendant, Swank Enterprises, for negligence, including negligence per se, resulting in damages.

### SECOND CAUSE OF ACTION

21. This is a cause of action by the Plaintiff, Ron Ball, against the Defendant, Tnemec Company, Inc., for negligence resulting in damages.

### THIRD CAUSE OF ACTION

22. This is a cause of action by the Plaintiff Ron Ball against the Defendants John Does I-V for negligence, including negligence per se, resulting in damages.

### CLAIMS FOR RELIEF

Wherefore the Plaintiff respectfully requests the following relief:

A. Plaintiff demands judgment against Defendant Swank Enterprises for an award of compensatory damages, costs, interest, pre-judgment interest, and for any other relief that this Court deems just and proper as to the First Cause of Action stated above.

B. Plaintiff demands judgment against Defendant Tnemec Company, Inc. for an award of compensatory damages, costs, interest, pre-judgment interest, and for any other relief that this Court deems just and proper as to the Second Cause of Action stated above.

C. Plaintiff demands judgment against Defendants John Does I-V for and award of compensatory damages, costs, interest, pre-judgment interest, and for any other relief that this Court deems just and proper as to the Third Cause of Action stated above.

## JURY DEMAND

Plaintiff demands trial by jury.

DATED this 5th day of June, 2018.

GRAYBILL LAW FIRM, P.C.

By: _____
Benjamin R. Graybill

5

Benjamin R. Graybill
GRAYBILL LAW FIRM, P.C.
300 4th Street North
PO Box 3586
Great Falls, MT 59403
Telephone: (406) 452-8566

ATTORNEYS FOR THE PLAINTIFF

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | | |
|---|---|---|
| JEREMY LEWIS, | ) | Cause No. DDV-18-0405 |
| | ) | |
| Plaintiff, | ) | JOHN W. PARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| SWANK ENTERPRISES, TNEMEC | ) | COMPLAINT AND |
| COMPANY, INC., and JOHN DOES I-V, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |

NOW COMES the Plaintiff, Jeremy Lewis, and for his claims against the Defendants alleges as follows:

## THE PARTIES

1. Plaintiff, Jeremy Lewis, resides in Great Falls, County of Cascade, Montana.

2. Defendant, Swank Enterprises is a Montana Corporation, with a principal place of business at 615 Pondera Avenue, Valier, County of Pondera, Montana.

3. Defendant, Tnemec Company, Inc. ("Tnemec"), is a Missouri corporation, with a principal place of business at 6800 Corporate Drive, Kansas City, Missouri.

4. The Defendant John Does I-V are persons, firms, or entities who owed, at all times material to this complaint, a duty of care to Jeremy Lewis.

## THE FACTS

5. In August 2015, Plaintiff was exposed to chemicals contained in modified polyamine epoxies ("the exposure").

6. The exposure occurred in the course of Plaintiff's employment as a painter for T & L Painting of Great Falls, Montana.

7. As a result of the exposure, Plaintiff was severely injured. He did not recognize his injury was caused by the exposure for some weeks after it occurred.

8. The exposure occurred during Plaintiff's work at a construction project at the Butte-Silverbow Metro Wastewater Treatment Plant at or around Butte, Montana ("Project").

9. Swank Enterprises was general contractor for the Project.

10. As general contractor, Swank Enterprises retained control over safety at the Project. Swank Enterprises was, therefore, responsible for taking reasonable precautions for the safety of workers at the Project, including employees of subcontractors, and incurred duties of safety to the Plaintiff in accordance with Montana law, including § 50-71-201, MCA.

11. Upon information and belief, T & L Painting was a subcontractor of Swank Enterprises at the Project.

12. The exposure and Plaintiff's resulting injuries were caused by the carelessness and negligence of the Swank Enterprises and/or persons for whom it was responsible, due to its failure to manage worker safety at the project and its failure to provide for worker safety at the Project in accordance with the Montana Occupational Safety and Health Act, including § 50-71-201, MCA.

13. Tnemec manufactured and distributed the modified polyamine epoxies to which Plaintiff was exposed. Upon information and belief, these included Epoxoline Beige Primer and Epoxoline Converter (Series 22, Parts A and B) and Surfacing Epoxy Primer White and

Surfacing Epoxy Converter (Series 215, Parts A and B) (collectively "Epoxies").

14. The exposure occurred as Plaintiff, in the course of his duties for T & L Painting, applied the Epoxies to large tanks incorporated into the Project. With Swank Enterprises' knowledge and approval, T & L Painting used the Epoxies in performing work at the Project and had Plaintiff apply them without the use of protective clothing or the appropriate applicator, causing the exposure.

15. The Epoxies are considered hazardous by the Occupational Safety and Health Administration; exposure presents health risks, including skin corrosion and sensitization.

16. An employee or agent of Tnemec, in course of his duties for Tnemec, trained the Plaintiff and others at the Project about application of the Epoxies. Tnemec thereby incurred a duty of reasonable care and safety to the Plaintiff.

17. Tnemec breached its duty to the Plaintiff when its employee or agent failed to properly instruct Plaintiff how to safely apply the Epoxies, encouraged unsafe use of the Epoxies, and failed to advise Plaintiff of the risks of unsafe use and what to do in case of exposure.

18. Defendants' carelessness and negligence and/or the carelessness and negligence of persons for whom one or more of the Defendants were responsible caused Plaintiff, Jeremy Lewis, to suffer severe personal injuries, lost income, emotional distress, changed course of life, and substantial expense for medical care and attendance.

19. John Does I-V are persons, firms, or entities who owed Plaintiff the above described duties and who negligently breached such duties causing Plaintiff to suffer the damages described above.

3

## CAUSES OF ACTION

(The Causes of Action herein specifically incorporate by
reference all paragraphs previously set forth)

### FIRST CAUSE OF ACTION

20. This is a cause of action by the Plaintiff, Jeremy Lewis, against the Defendant, Swank Enterprises, for negligence, including negligence per se, resulting in damages.

### SECOND CAUSE OF ACTION

21. This is a cause of action by the Plaintiff, Jeremy Lewis, against the Defendant, Tnemec Company, Inc., for negligence resulting in damages.

### THIRD CAUSE OF ACTION

22. This is a cause of action by the Plaintiff, Jeremy Lewis, against the Defendants John Does I-V for negligence, including negligence per se, resulting in damages.

### CLAIMS FOR RELIEF

Wherefore the Plaintiff respectfully requests the following relief:

A. Plaintiff demands judgment against Defendant Swank Enterprises for an award of compensatory damages, costs, interest, pre-judgment interest, and for any other relief that this Court deems just and proper as to the First Cause of Action stated above.

B. Plaintiff demands judgment against Defendant Tnemec Company, Inc. for an award of compensatory damages, costs, interest, pre-judgment interest, and for any other relief that this Court deems just and proper as to the Second Cause of Action stated above.

C. Plaintiff demands judgment against Defendants John Does I-V for and award of compensatory damages, costs, interest, pre-judgment interest, and for any other relief that this Court deems just and proper as to the Third Cause of Action stated above.

## JURY DEMAND

Plaintiff demands trial by jury.

DATED this 25th day of July, 2018.

                                      GRAYBILL LAW FIRM, P.C.

                                      By: /s/ Benjamin R. Graybill
                                          Benjamin R. Graybill